Daniel J. McDonald (#07935)
dan@mcdonaldfielding.com
Kyle C. Fielding (#12088)
kyle@mcdonaldfielding.com
**MCDONALD FIELDING, PLLC**
175 W. Canyon Crest Rd., #204
Alpine, UT 84004
Telephone (801) 610-0010

*Attorneys for Coseva, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COSEVA, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RESULTS RNA, LLC, a Utah limited liability company sometimes dba LIFESTYLE WELLNESS; JOHN OR JANE DOES 1-20,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No. _____<br><br>Judge _____ |

Plaintiffs Coseva, LLC, by and through counsel, hereby complains against Defendants and allege as follows:

**PARTIES, JURISDICTION & VENUE**

1.  Plaintiff Coseva, LLC ("Coseva") is a Utah limited liability company with its principal place of business in Salt Lake County, State of Utah.

2.  Results RNA, LLC ("Results") is a Utah limited liability company with its principal place of business in Utah County, State of Utah

3. Results RNA, LLC sometimes does business under the assumed name Lifetime Wellness, including at times in connection with the actions alleged in this Complaint.

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367(a) and/or 15 U.S.C. § 1121(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

## GENERAL ALLEGATIONS

6. Coseva is engaged in the business of manufacturing, promoting, distributing, and selling its high-quality products, including Advance TRS and Clear TRS, which are, in summary, pure and concentrated sources of zeolite detoxification for safely ridding harmful toxins from the human body.

7. Prior to the acts of defendants alleged herein, Coseva began using the names "Coseva", "Advance TRS", and/or "Clear TRS" (collectively, and without limitation, the "Coseva Marks") in connection with, among other things, the promotion and distribution of its products.

8. At all times pertinent, Coseva has used the Coseva name and other Coseva Marks continuously and without interruption, in connection with, among other things, the promotion and distribution of its products.

9. Coseva has never granted the defendants permission to use the Coseva name or other Coseva Marks.

10. As a result of Coseva's widespread and continuous advertisement, promotion, and sale of its products in connection with the name Coseva, the Coseva name and other Coseva Marks have become widely known and recognized as identifying Coseva as the source of a wide

variety of goods and as distinguishing such goods from those of others.

11. The Coseva name and other Coseva Marks have come to represent and symbolize the excellent reputation of Coseva and its excellent products and valuable goodwill among members of the public throughout the United States and abroad.

12. The Coseva name and other Marks have each acquired a secondary meaning throughout the United States and abroad.

13. Results has used the Coseva name and/or other Coseva Marks in advertising Results' products, without Coseva's consent, and in violation of Coseva's ownership and intellectual property rights.

14. Among other things, Results has created and used pay-per-click Google Adwords that use the name Coseva and/or other Coseva Marks in the actual text of the ad, in marketing and promoting Results' products, which Results' products have no actual affiliation with Coseva.

15. Among other things, Results has created and used one or more of the Coseva Marks on Amazon.com in the actual text of the search page showing Results' products, in marketing and promoting Results' products, which Results' products have no actual affiliation with Coseva.

16. Results' use of the Coseva name and/or other Coseva Marks in the promotion, sale, offering for sale, and distribution of Results' goods has caused, and if not restrained by this Court will likely continue to cause, among other things:

    a. a loss of sales of Coseva's genuine products and has, and will continue to, result in the loss of future sales to customers who have bought Results' products believing them to be Coseva's genuine goods;

    b.   irreparable injury to the name and brand of Coseva;

    c.   loss of goodwill and business reputation by Coseva; and

    d.   the dilution of the distinctiveness of Coseva's genuine products and goods.

**FIRST CLAIM FOR RELIEF**
**[Violation of 15 U.S.C. § 1125(a)(1)(A)]**

17. Plaintiffs incorporate the foregoing allegations of the Complaint as if fully set forth herein.

18. Results has knowingly used Coseva's name and/or other Coseva Marks without Coseva's permission in the promotion of Results' products.

19. Results has used in commerce false or misleading descriptions of fact that are likely to cause confusion, or to cause mistake or to deceive, as to whether defendants are affiliated, connected, or associated with Coseva and/or as to whether Coseva sponsored or approved of Results' activities, in of 15 U.S.C. § 1125(a)(1)(A).

20. Results' acts have caused and, unless restrained by this Court, will continue to cause Coseva and the public to suffer great and irreparable damage and injury.

21. Coseva has suffered loss of profits and other damage, and Results has earned illegal profits, in an amount to be proven at trial, as the result of the wrongful use of Coseva's name.

22. Coseva may elect, at time of trial, and in the alternative, statutory damages up to the maximum extent permitted under 15 U.S.C. § 1117 or other applicable law, as determined by the trier of fact.

23. Coseva has no adequate remedy at law and is entitled to injunctive relief in addition to damages.

## SECOND CLAIM FOR RELIEF
### [Violation of 15 U.S.C. § 1125(a)(1)(B)]

24. Plaintiffs incorporate the foregoing allegations of the Complaint as if fully set forth herein.

25. Results has used in commerce false or misleading descriptions of facts by implying and expressing that Results' products are somehow affiliated with the Coseva name and/or other Coseva Marks, when in fact they are not, in violation of 15 U.S.C. § 1125(a)(1)(B).

26. Results' acts have caused and, unless restrained by this Court, will continue to cause Coseva and the public to suffer great and irreparable damage and injury.

27. Coseva has suffered loss of profits and other damage, and defendants have earned illegal profits, in an amount to be proven at trial.

28. Coseva has no adequate remedy at law and is entitled to injunctive relief in addition to damages.

## THIRD CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

29. Plaintiffs incorporate the foregoing allegations of the Complaint as if fully set forth herein.

30. Results has used in commerce false or misleading descriptions of facts by implying and expressing that Results' products are somehow affiliated with the Coseva name and/or other Coseva Marks, when in fact they are not.

31. Results' acts and omissions are the result of willful and malicious conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of Coseva and the public.

32. Coseva is therefore entitled to an award of punitive damages from defendants under Utah Code Ann. § 78B-8-201.

33. Results' acts have caused and, unless restrained by this Court, will continue to cause Coseva and the public to suffer great and irreparable damage and injury.

34. Coseva has suffered loss of profits and other damage, and defendants have earned illegal profits, in an amount to be proven at trial.

35. Coseva has no adequate remedy at law and is entitled to injunctive relief in addition to damages.

## FOURTH CLAIM FOR RELIEF
### (Violation of Utah Unfair Competition Act)

36. Plaintiffs incorporate the foregoing allegations of the Complaint as if fully set forth herein.

37. Results' wrongful acts constitute unfair methods of competition in commerce or trade in violation of Utah Code Ann. § 13-5a-103.

38. Results' acts have caused and, unless restrained by this Court, will continue to cause Coseva and the public to suffer great and irreparable damage and injury.

39. Coseva has suffered loss of profits and other damages, and defendants have earned illegal profits, in an amount to be proven at trial, but in no event less than $500,000.00.

40. Coseva is entitled to an award of punitive damages from defendants under Utah Code Ann. § 13-5a-104, in at least the amount of $1,000,000.00.

41. Coseva has no adequate remedy at law and is entitled to injunctive relief in addition to damages.

- 7 -

**PRAYER FOR RELIEF**

Plaintiffs pray for judgment in their favor as follows:

1. Defendants, and each of their agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Infringing Coseva's name and/or other Coseva Marks using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception;

   b. Using any word, term, name, symbol, device, or combination thereof that causes or is likely to cause confusion, mistake, or deception as to the affiliation, origin, or association of defendants or their goods with Coseva;

   c. Using any false designation of origin or false or misleading description or representation of fact as to the nature, characteristics, and/or qualities of their goods;

   d. Selling, offering for sale, distributing, advertising, or promoting any goods that bear, impliedly or expressly, Coseva's name and/or other Coseva Marks, alone or in combination with any other word(s) or device(s);

   e. Using any words or symbols that so resemble any of Coseva's name and/or other Coseva Marks as to be likely to cause confusion, mistake, or deception on or in connection with the manufacture, importation, sale, offering for sale, distribution, advertisement, or promotion of any product that is not authorized by or for Coseva;

      f.   Diluting or infringing the rights of Coseva in and to any of Coseva's name and/or other Coseva Marks or otherwise damaging Coseva's goodwill or business reputation; and/or

      g.   Otherwise violating or infringing the rights of Coseva or competing unfairly with Coseva in any manner;

2.    Results be required to immediately rescind, revoke, and destroy all advertisements or communications of any kind, whether on the internet or otherwise, that use the name or marks of Coseva expressly or impliedly;

3.    Within thirty days after the service of the judgment, Results be required to file with this Court and serve upon Coseva's attorneys a written report under oath setting forth in detail the manner in which they complied with the judgment;

4.    Coseva recover its lost profits and actual damages jointly and severally from the defendants in an amount to be proven at trial, that defendants be required to account for any of their profits that are attributable to their acts as alleged herein, and that all such damages be trebled as provided by 15 U.S.C. § 1117, including interest at the maximum rate permitted by law;

5.    Coseva recover actual damages, costs and attorneys fees, and punitive damages, jointly and severally from defendants under Utah Code Ann. § 13-5a-103;

6.    The Court alternatively award Coseva statutory damages as provided under 15 U.S.C. § 1117, or such other amount as determined by the trier of fact, at Coseva's election;

7.    Defendants pay Coseva punitive damages under Utah Code Ann. § 78B-8-201 for their willful and malicious conduct, and/or their conduct that manifested a knowing and reckless

indifference toward, and a disregard of, the rights of 'Coseva and the public;

      8.      Coseva receive provisional and permanent relief, including but not limited to a writ of attachment, and preliminary and permanent injunctions against violation of Coseva's rights;

      9.      Coseva recover its attorneys' fees and costs jointly and severally from the defendants on Coseva's claims under, without limitation, 15 U.S.C. § 1117 and/or the Utah Unfair Competition Act.

      10.      For such other and further relief as this Court deems just and proper.

**DATED** this October 4, 2017.

                                            **MCDONALD FIELDING, PLLC**

                                            /s/ Kyle C. Fielding
                                            _____
                                            Daniel J. McDonald
                                            Kyle C. Fielding
                                            *Attorneys for Plaintiffs*